UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY a/k/a DEREK McSMITH** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER:06-11200**<br>**c/w 07-126** |
| **ERIC BAEHR** | **SECTION: C (3)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned Magistrate Judge for the purpose of handling all pre-trial matters including an evidentiary hearing, if necessary, and the submission of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(A)(B). [Doc. # 8].  Upon review of the record and 28 U.S.C. § 1915(e)(2), *inter alia,* for the reasons set forth below and further considering plaintiff's *de minimus* response to the **State of Louisiana's Motion to Dismiss [Doc. # 13]**, the undersigned Magistrate Judge RECOMMENDS that the State's Motion to Dismiss #13 be GRANTED and that plaintiff's claims against the State of Louisiana through the Louisiana Department of Social Services be dismissed with prejudice pursuant to 28 U.S.C.  §1915(e)(2)(B).

   **I.   Background**

The plaintiff, LeRoy a/k/a Derek McSmith ("McSmith"), filed the captioned matter against Police Officer Baehr based upon his issuance of a summons to plaintiff for blocking a public passage.  The original complaint made no mention of the State of Louisiana , through its Department of Social Services ("the State") or otherwise.   On January 22, 2007 before the original suit was served, plaintiff filed an Amended Complaint [Doc. 4] identifying it the State as a defendant along with five other newly added defendants.  The only allegation against the State is that it failed to provide "a response to the Louisiana Public Records Act request attached."

*See* Amended Complaint ¶ VII.  The complaint was filed without any attachments.  Essentially, plaintiff's complaint is devoid of any actionable claim or identifiable factual allegations of wrongdoing against the State, much less any violation of Constitutional magnitude.

The thrust of the State's Motion to Dismiss is that this Court lacks subject matter jurisdiction and that the plaintiff's complaint is frivolous at best.  Plaintiff has failed to respond to the State's Motion to Dismiss or otherwise attempt to cure the deficiencies which have been noted in the record for months.   Most notably, *via* amended complaint and in addition to the State, plaintiff added four other party defendants, who were voluntarily dismissed; however, this was accomplished *only after* the undersigned's Rule to Show Cause issued on February 14, 2007.  *See* Rule to Show Cause  [Doc. # 16]; Notices of Voluntary Dismissal [Doc. ## 23-26].

Plaintiff filed a two-sentence response which failed to address the deficiencies noted or to elucidate an actionable federal claim against the State of Louisiana.  Plaintiff merely reiterates his *generic* Due Process claim and cites 20 U.S.C. § 2015 (which provides eligibility disqualifications for the food stamp program) and 7 U.S.C. § 2029 (which permits the State to apply, submit a plan and operate a "workfare program" in conjunction with the food stamp program).

**II.     Standards of Review**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move to dismiss an action for lack of subject matter jurisdiction.  On a motion brought under Rule 12(b)(1), which the Court must consider before any other challenge,[1] the court must dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to

---

[1]*See Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169, 172 (5th Cir. 1994).

adjudicate the case."[2]  A court may consider such materials outside of the pleadings as it deems appropriate to resolve the question of whether it has jurisdiction to hear the case.[3] Notwithstanding the fact that on a motion to dismiss all favorable inferences should be made in favor of the plaintiff, the burden of proving jurisdiction remains with the plaintiff.  In this case, plaintiff has failed to carry his burden.

The plain language of 28 U.S.C. § 1915(e)(2) *requires* dismissal of plaintiff's *pro se* complaint if the Court is satisfied that the action is "frivolous or malicious [or] fails to state a claim upon which relief may be granted."[4]   The relevant section of the aforesaid statute makes no distinction between prisoner and non-prisoner pauper cases.  In an action filed *in forma pauperis* under Section 1915(e), a federal court may consider *sua sponte* affirmative defenses that are apparent from the record even where they have not been addressed or raised in the pleadings on file.[5]  Although *pro se* pleadings must be construed liberally,[6] significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service

---

[2]*Home Builders Association of Miss. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks omitted).

[3]*Artis v. Greenspan,* 223 F.Supp.2d 149, 152 (D. D. C. 2002).

[4]*See* 28 U.S.C. § 1915(e)(2)(i-ii);  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact); *Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new and that it is privilege extended to those unable to pay filing fees *where it is not apparent that the claims do not lack merit on their face*).

[5]*Neitzke v. Williams,* 490 U.S. at 327.

[6]*See Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990)(noting that an early determination of the merits of an IFP proceeding provides a significant benefit to the courts (because it will allow them use of their scarce resources effectively and efficiently) and to the government officials sued (because it will free them from the burdens of frivolous and harassing litigation)).

of process or before the filing of an answer.[7]  Therefore, review under § 1915(e)(2)(B) is appropriate in this case as urged by the State in its motion to dismiss.

## ANALYSIS

Plaintiff's complaint lacks any arguable basis in fact or in law.  McSmith has failed to cite any Federal law or statute which provides him a cause of action against the State for its alleged deprivation of any right to procedural due process.  Plaintiff does not identify any property or liberty interest he has at stake or that a particular process due was not afforded to protect any such unidentified interest.  Plaintiff's pleading is bereft of factual allegations.  Moreover, McSmith has failed to illuminate this Court regarding any unequivocal expression of congressional intent to overturn the constitutionally-guaranteed immunity afforded the State of Louisiana by the Eleventh Amendment.  Plaintiff has had more than enough time to cure the jurisdictional and factual void in his pleadings but has failed to attempt do so even after the passage of four (4) months.   The Court further notes that plaintiff's claim against the State has absolutely no connection with his original complaint against P.O. Baehr and therefore should be stricken in any event because of improper cumulation of actions.

Accordingly and for all of the foregoing reasons,

**IT IS RECOMMENDED** that:

(1) Defendant's Motion to Dismiss #13 be GRANTED; and

(2) Plaintiff's claims against the State of Louisiana through the Louisiana Department of Social Services be DISMISSED WITH PREJUDICE as legally and factually frivolous and otherwise for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C.

---

[7]*Id.*

§1915(e)(2)(B).

## OBJECTIONS

The parties are referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court...." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir.1996) ( *en banc* ) (citations omitted).

New Orleans, Louisiana this 14th day of June, 2007.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**