UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY a/k/a DEREK McSMITH** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER:06-11200** |
| **ERIC BAEHR in his individual & official capacity** | **SECTION: C (3)** |
| consolidated with | |
| **LEROY a/k/a DEREK McSmith** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 07-126** |
| **MARK OSBORNE in his individual & official capacity** | **SECTION C(3)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned Magistrate Judge for the purpose of handling all pre-trial matters including an evidentiary hearing, if necessary, and the submission of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(A)(B). [Doc. # 8]. Before the Court is Plaintiff's Motion for Summary Judgment **#49**. Additionally, the sole remaining defendants' dispositive motions – *i.e.*, Mark Osborne's Motion to Dismiss **# 15** and Eric Baehr's Motion to Dismiss **# 39 –** are before this Court again on remand and reconsideration based on a more complete record.[1] Defendants filed a Memorandum in Opposition # 53 and Plaintiff filed a formal Reply Brief #59.  For the following reasons, the undersigned Magistrate Judge RECOMMENDS that plaintiff's Motion for Summary Judgment be DENIED and the Motions to Dismiss ## 15 and 39  filed on behalf of the defendant officers be GRANTED.

---

[1]*See* Order # 48 (dismissing Motions ##'s 15 and 39 without prejudice and remanding same for consideration on a more complete record).

### I.    Background and Undisputed Facts

The plaintiff, LeRoy a/k/a Derek McSmith ("McSmith"), filed the captioned matter against Police Officer Baehr based upon his alleged issuance of a summons to plaintiff for blocking a public passage. Plaintiff alleges a violation of his constitutional rights arising out of a municipal summons issued to him for the violation of obstructing a public passage. Plaintiff further complains that Baehr violated his civil rights and caused him to be maliciously prosecuted. *See* Complaint [Doc. #1]. Plaintiff then amended his complaint omitting reference to Baehr and substituting Officer Osborne, who has since been dismissed.

The entirety of the Plaintiff's Motion for Summary Judgment against Officer Baehr is reiterated below:

> "Pursuant to the applicable rule of Fed. R. Civ. P. plaintiff moves for summary judgment against defendant Baehr on the basis that the criminal proceeding against the plaintiff initiated by the defendant was dismissed against plaintiff after the defendant failed to appear in court in part due to the fact that he indicated Officer Osborne was present when the citation issued when in fact officer Osborne was off duty as shown by the affidavit presented by officer Osborne."

*See* Plaintiff's Motion for Summary Judgment [Rec. Doc. 49]. Plaintiff's motion for summary judgment is frivolous as will be explained hereinbelow in greater detail.

In his Memorandum in Opposition, together with supporting documentation, Officer Baehr sets forth the undisputed facts with supporting documentation dispositive of the plaintiff's claim, as follows.

On September 11, 2006, at approximately 11:20 P.M., plaintiff, Derek McSmith, was issued a City of New Orleans municipal citation number 917116 for blocking a public passage. Officer Baehr issued the citation. Officer Baehr had observed the plaintiff sleeping and blocking

2

a public passage.  He woke the plaintiff, issued the summons, and gave him information concerning resources for the homeless.  Plaintiff was not then arrested or otherwise taken into custody for the cited or any other violation.   McSmith acknowledged in writing that he was told to appear in Municipal Court, Section B, on September 15, 2006, at 8:00 a.m.[2]

McSmith did appear in Municipal Court in response to the summons and the matter was assigned municipal case number 998940, Section B.[3]  He entered a plea not guilty ("N.G."); thereafter, McSmith was released on his own recognizance "ROR."[4]  The matter was set for trial on November 17, 2006 and then reset for January 31, 2007.[5]  Although  McSmith did appear on January 31, 2007, the case was closed.  Thereafter, the case was reopened but only after the

---

[2] *See* Municipal Citation No. 917116/Item No. I-11326-06 and Summons (citation signed by P/O Baehr Badge No. 621 dated September 11, 2006 for violation of violation of city ordinance "obstructing a public passage, summoning the accused, Derek McSmith to appear in Municipal Court, Section "B" on the 15th day of September, 2006 at 8:00 A.M.) [Doc. No. 53-2 page 1 of 2]; *See also* Plaintiff's Complaint in Consolidated Case No. 07cv126 and Exhibit 1/New Orleans municipal citation number 917116 [Doc. #1].

[3] *See* Municipal Court Case Dkt. No. 998940 "B" entitled *City of New Orleans versus Derek McSmith* (stating "P/O [Baehr] observed subject sleeping & blocking a public passage, subject given information concerning resources for the homeless – *i.e*., Ozanam Inn) [Doc. No. 53-2 page 2 of 2].

[4] *See id. See also* New Orleans Municipal Court Case Chronology, Case No. 998940/Defendant Derek McSmith (noting charge of 54-401 – obstructing public place  – filed with the Court on 9/14/06 and that on 9/15/06 the defendant pled not guilty to all charges, was advised on right to counsel and released on his own recognizance to return for trial on 11/17/06 at 8:00 A.M. in Division "B") [Doc. #53-3/Doc. #45 p. 4 of 8].

[5] *See* Municipal Court Case Dkt. No. 998940 "B" entitled *City of New Orleans versus Derek McSmith* [Doc. No. 53-2 page 2 of 2]; New Orleans Municipal Court Case Chronology, Case No. 998940/Defendant Derek McSmith (noting case was closed, then reopened after the defendant left and subpoena was sent via registered mail return receipt requested)[Doc. #53-3/Doc. #45 p. 4 of 8].

defendant left without being served for the next trial date on April 24, 2007.[6]

It is further not disputed that on April 24, 2007, even after finding no record of service in the database on the defendant, Judge John Blanchard *signed* an attachment for Derek McSmith's arrest issued improvidently by the Clerk of Municipal Court.[7] This lawful process, as opposed to any action on the part of the defendant officers, forms the basis of McSmith's arrest on August 9, 2007. There is no competent evidence of any arrest of the defendant on July 26, 2007 made by any officer of the New Orleans Police Department.[8] On August 10, 2007 (following McSmith's arrest on August 9, 2008), Judge Blanchard recalled the July 27, 2007 bench warrant issued for McSmith's arrest, ordered him released and then again closed Case No. 998940 "B" as the case was "nolle prosequied" by the City Attorney.[9] The record does reflect that McSmith was later arrested on September 17, 2007 on St. Charles Ave. in connection with an *unrelated* charge of "criminal trespass".[10] Plaintiff makes no allegations whatsoever with respect his arrest on September 17, 2007 and neither of the defendant officers effected that later arrest.

Suffice it to say, the record reflects that McSmith was not arrested on July 26, 2007 at all.

---

[6]*See id.* (noting that, on 1/31/2007, the case was closed and then reopened by the Court after the defendant left and a subpoena issued via registered mail) [Doc. #53-3/Doc. #45 p. 4 of 8].

[7]*See id. See also* The City of New Orleans Attachment issued on 4/24/07 by Judge John Blanchard, Section "B," Municipal Court (to answer for a contempt, in neglecting or refusing to attend to answer charges) [Doc. # 53-4].

[8]*See* Orleans Parish Criminal Sheriff's Arrest Register (noting that only on August 9, 2007 was McSmith arrested in connection with the "municipal attachment" issued by Judge Blanchard in connection with Case No. 998940B) [Doc. # 53-5].

[9]New Orleans Municipal Court Case Chronology, Case No. 998940/Defendant Derek McSmith [Doc. # 53-3].

[10]Orleans Parish Criminal Sheriff's Arrest Register [Doc. #53-6].

4

His arrest on August 10, 2007 was pursuant to an attachment erroneously issued by the Municipal Clerk of Court and signed by Judge Blanchard.  Neither of the defendant officers played any part in McSmith's August 10, 2007 arrest.  Finally, as to McSmith's September 17, 2007 arrest, said arrest and detention were in connection with an *unrelated* charge of criminal trespass and neither of the defendant officers played any part in that later arrest.

Although the plaintiff's complaints allege claims against officers Baehr and Osborne in both their individual and official capacities, it is clear that all of McSmith's allegations refer to conduct of the officers in pursuance of their official duties (*i.e.*, the issuance of summons for obstructing a public passage).  Accordingly, plaintiff has failed to state any claims whatsoever against either Officer Baehr or Officer Osborne in their respective individual capacities. Moreover, neither of the arrests to which the defendant has directed the Court in his opposition to the defendants' motions were effected by the named defendants, to wit: (1) the first being on August 9, 2007 pursuant to an attachment issued, albeit mistakenly, by Clerk of Court and signed by Judge Blanchard in relation to his failure to appear for trial on the case that had been closed; and (2) the second being on September 17, 2007 in connection with the completely *unrelated* charge of criminal trespass.

Plaintiff filed a formal reply brief which is reiterated below *in toto*, to wit:

> Plaintiff submits this response on the basis [that] this action *was not presented for filing due to Leroy being arrested on Tulane campus* – [*i.e.*, his August 9, 2007 arrest pursuant to Judge Blanchard's July 27, 2008 bench warrant for arrest to appear at the trial which had been rescheduled for July 28, 2008].
>
> The attachment was incorrectly issued then intentionally left in the computer system to provide for an arrest upon which time the plaintiff was arrested again then informed when he appeared in court that the clerk had incorrectly filed the document.

> The original summons [Defendants' Exhibit "2"/Doc. #53-2] should have never been issued in the first instance because *there was not any probable cause for the issuance of a summons.*
>
> Leroy to date has never been a resident of any homeless facility in the city of New Orleans or in any other city.
>
> The prosecution for which the summons was issued was abandoned by the city of New Orleans.[11]

### II.    Pertinent Standards of Review

The Fed. R. Civ. P. 12(b)(6) standard is met if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[12]   In *Beanal v. Freeport-McMoran, Inc.,* the Fifth Circuit observed:

> A motion to dismiss under Rule 12(b)(6) is rarely granted.  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint taken as true.  The district court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  This strict standard of review under Rule 12(b)(6) has been summarized as follows: The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.[13]

While viewed with disfavor, Rule 12(b)(6) dismissal may nevertheless be proper where the plaintiff can prove no set of facts entitling him to relief.[14]   Notwithstanding the fact that on a

---

[11]*See* McSmith's Reply filed February 20, 2008 (italicized emphasis and underlining emphasis added) [Doc. # 59].

[12]*J. R. Striplin v. Jordan Production Co., LLC,* 234 F.3d 863, 873 (5th Cir. 2000) (internal quotations and citations omitted).

[13]*Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999) (citations and quotation marks omitted).  *See also Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom, Cloud v. United States,* 536 U.S. 960 (2002); *Lowrey v. Texas A&M Univ. System,* 117 F.3d 242, 247 (5th Cir. 1997); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996).

[14]*Ramming*, 281 F.3d at 161.

motion to dismiss all favorable inferences should be made in favor of the plaintiff, the burden of proving jurisdiction remains with the plaintiff. In this case, plaintiff has failed to carry his burden.

The plain language of 28 U.S.C. § 1915(e)(2) *requires* dismissal of plaintiff's *pro se* complaint if the Court is satisfied that the action is "frivolous or malicious [or] fails to state a claim upon which relief may be granted."[15]  The relevant section of the aforesaid statute makes no distinction between prisoner and non-prisoner pauper cases. In an action filed *in forma pauperis* under Section 1915(e), a federal court may consider *sua sponte* affirmative defenses that are apparent from the record even where they have not been addressed or raised in the pleadings on file.[16] Although *pro se* pleadings must be construed liberally,[17] significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of an answer.[18] Therefore, review under § 1915(e)(2)(B) is also appropriate in this case.

### III. Analysis

A § 1983 plaintiff must support his claims with specific facts demonstrating a

---

[15]*See* 28 U.S.C. § 1915(e)(2)(I-ii); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact); *Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new and that it is privilege extended to those unable to pay filing fees *where it is not apparent that the claims do not lack merit on their face*).

[16]*Neitzke v. Williams,* 490 U.S. at 327.

[17]*See Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990)(noting that an early determination of the merits of an IFP proceeding provides a significant benefit to the courts (because it will allow them use of their scarce resources effectively and efficiently) and to the government officials sued (because it will free them from the burdens of frivolous and harassing litigation)).

[18]*Id.*

constitutional deprivation and may not simply rely on conclusory allegations. The plaintiff must also show that the infringed right at issue was clearly established at the time of the allegedly unlawful activity such that a reasonable law enforcement officer would have known that his challenged conduct was illegal.[19]

The case at bar is resolved at the first step. Plaintiff's complaint as explained by the plaintiff himself in his reply brief[20] lacks any arguable basis in fact or in law. McSmith has failed to cite any Federal law or statute which provides him a cause of action against either Officer Eric Baehr or Officer Mark Osborne. Neither Judge Blanchard nor the Clerk of City Court have been named defendants in this suit and the plaintiff has specifically disavowed any claims against the foregoing individuals or entities. In any event, both the aforesaid judge and clerk of court are immune from any such claims.

The Tenth Circuit in *Martinez v. Carr*, 479 F.3d 1292 (10th Cir. 2007) noted that every court of appeals to address the issues raised have rejected Fourth Amendment claims like McSmith's. The *Martinez* court aptly summarized the applicable law to wit:

> We find it noteworthy that every court of appeals to address these related questions has rejected Fourth Amendment claims like Mr. Martinez's. In *DePiero*, 180 F.3d at 789, the Sixth Circuit concluded that the issuance of a traffic ticket requiring the defendant's appearance at trial does not constitute a "seizure," at least until such time as the recipient of the ticket fails to appear in court and a bench warrant is issued for his or her arrest. The Third Circuit, in *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005), similarly held that, with respect to a court order requiring plaintiffs to appear at pretrial proceedings and trial, "there could be no seizure significant enough to constitute a Fourth Amendment violation" because the plaintiffs "were only issued a summons; they were never arrested; they never posted bail; they were free to travel; and they did

---

[19]*See Saucier v. Katz,* 533 U.S. 194, 201 (2001).

[20]*See* Note 11, supra, and accompanying text.

not have to report to Pretrial Services. Their liberty was restricted only during the Municipal Court trials and the Fourth Amendment does not extend beyond the period of pretrial restrictions."

Likewise, the plaintiff in *Karam v. City of Burbank*, 352 F.3d 1188, 1194 (9th Cir. 2003), was charged with a misdemeanor and, in lieu of jail, was allowed to sign a personal recognizance agreement pursuant to which she agreed to appear in court at the times and places ordered by the court and not to leave the state of California without first obtaining court permission; the Ninth Circuit held that these requirements were "no more burdensome than the promise to appear a motorist makes when issued a traffic citation" and did not constitute a Fourth Amendment seizure. Along the same lines, the First Circuit in *Britton v. Maloney*, 196 F.3d 24, 29-30 (1st Cir. 1999), reasoned that "Terry cannot be read to mean that the issuance of a summons (any more than a testimonial subpoena or a call to jury duty) would constitute a seizure simply because it threatens a citizen with the possibility of confinement if he fails to appear in court." *See also Technical Ordnance, Inc. v. United States*, 244 F.3d 641, 651 (8th Cir. 2001) ("This circuit has never held that pretrial restrictions such as [being forced to post bond, appear before court, and answer charges] constitute a Fourth Amendment seizure."); LaFave § 5.1(I) at 77 (the "[r]esort to the citation alternative is not in and of itself an arrest or, for that matter, any variety of Fourth Amendment seizure.").[21]

By contrast, the authority to which we have been directed on the other side of the ledger does not squarely address the question we face here, but instead involves governmental conduct imposing qualitatively more significant deprivations of liberty than the issuance of a misdemeanor citation. Mr. Martinez points us to *Gallo v. City of Philadelphia*, 161 F.3d 217 (3d Cir. 1998). But the Third Circuit itself later distinguished *Gallo* in *DiBella*, discussed above, on the very ground that *Gallo* involved an arrest and release conditioned on significant pretrial restrictions while *DiBella* involved only (much as here) an order requiring attendance at future court proceedings. *See DiBella*, 407 F.3d at 603 ("If *Gallo* was a 'close question;' here [where plaintiffs were only issued a summons compelling attendance at court proceedings] there could be no seizure significant enough to constitute a Fourth Amendment violation...."). Mr. Martinez also stresses *Rohman v. New York City Transit Authority (N.Y.CTA)*, 215 F.3d 208 (2d

---

[21]Relying on the First Circuit's decision in *Britton*, we have previously, in an unpublished decision, addressed the question whether the issuance of a summons, the functional equivalent of Officer Carr's citation in this case, constitutes a Fourth Amendment seizure; we concluded that it did not: "Because [plaintiffs] have not shown they sustained any other deprivations of liberty in connection with their receipt of the summonses, they have failed to show they were seized in violation of the Fourth Amendment." *Lewis v. Rock*, 48 Fed.Appx. 291, 294 (10th Cir. 2002) (unpub.).

Cir. 2000), but that case, too, involved an individual who was arrested and held overnight before being released. Finally, Mr. Martinez cites to *Murphy v. Lynn*, 118 F.3d 938, 946 (2d Cir.1997), a case in which the plaintiff was incarcerated overnight and denied the right to travel outside the state without prior permission from the court. *See also Evans v. Ball*, 168 F.3d 856, 860-61 (5th Cir. 1999) (the plaintiff was fingerprinted and photographed and likewise forbidden from leaving the state without leave of court), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Such circumstances again present significant additional restrictions on a defendant's liberty not present in our case and we thus see no necessary inconsistency between, on the one hand, our holding (and those of so many of our sister circuits) **that the mere issuance of a citation requiring presence at future legal proceedings does not qualify as a constitutional "seizure"** and, on the other hand, the results and reasoning in the cases cited to us by Mr. Martinez.[22]

To state a claim for malicious prosecution under § 1983, McSmith must allege that: 1) *he suffered a deprivation of constitutional magnitude*; 2) the malicious prosecution was committed by state actors; and 3) he satisfies the requirements of a state law claim for malicious prosecution.[23] McSmith's malicious prosecution claims fails because he has not alleged a deprivation of constitutional magnitude.   There is a Fourth Amendment right to be free from malicious prosecution, but not without a deprivation of liberty consistent with the concept of seizure.

In the case at bar, McSmith alleges that Officers Baehr and/or Osborne issued a municipal summons against him for obstructing a public passage.  He does not allege that he was detained, arrested, arraigned, incarcerated, tried, or convicted in connection with the summons.

---

[22]*Martinez v. Carr*, 479 F.3d 1292, 1297-1300 (10th Cir. 2007) (bolding emphasis added).

[23]*See* 42 U.S.C. § 1983; *Johnson v. Louisiana Department of Agriculture*, 18 F.3d 318, 320 (5th Cir. 1994) (a claim for malicious prosecution is not actionable under § 1983 unless the plaintiff alleges not only a deprivation of a constitutional right, but also all of the elements of the common law tort action).

The Fifth Circuit also recognizes a Section 1983 cause of action for civil conspiracy.[24] However, the elements of civil conspiracy are: (1) an actual violation of a right protected under section 1983; and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right.[25]  To the extent that plaintiff has attempted to allege a conspiracy, this claim must also fail for the same reason, *i.e.*, plaintiff has failed to allege an actual violation of a right protected under §1983.

It is clear that the plaintiff has not alleged a Fourth Amendment violation for false arrest *against Officers' Baehr and Osborne* arising out of the September 11, 2006 issuance of a summons and his voluntary appearance in court pursuant thereto on the charge of obstructing a public passage.  The sole bases of McSmith's claim against Officer Mark Osborne in the consolidated case (CA 07-126 "C"(3)) are the identical allegations made against Officer Eric Baehr.

For all of the reasons stated above, including that the defendants are both entitled to qualified immunity from suit and that plaintiff has failed to state a claim under the governing law, both motions to dismiss must be GRANTED on reconsideration and this more complete record.  Most notably, plaintiff's claims against Officer Mark Osborne in the consolidated proceeding (Civil Action No. 07-126) arise out of the same set of facts, are identical to the claim against Officer Baehr and involve the same Municipal Citation Number 917116 /Summons issued in connection with the later assigned Case No. 998940 "B".[26]  Accordingly, the

---

[24]*Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999).

[25]*Id.* (*citing Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).

[26]*See* Plaintiff's Complaint in Consolidated Case No. 07cv126 and Exhibit 1 New Orleans municipal citation number 917116 [Doc. #1]; Defendants' Exhibit "1" [Doc. No. 53-2 at

undersigned *also recommends* dismissal of plaintiff's claims against Officer Mark Osborne for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B) in the consolidated case (Civil Action No. 07-126 "C"(3)).  Indeed and as admitted by plaintiff in his reply to defendants' opposition to plaintiff's Motion for Summary Judgment, McSmith's consolidated cases are not about attachments improvidently issued by the Clerk of Municipal Court and signed by Judge Blanchard after the case was closed.  The record is undisputed that neither Officer Baehr nor Officer Osborne had anything to do with his arrest pursuant to the aforesaid attachment issued after his case was closed.

McSmith's complaint against the defendant officers is that "probable cause" to issue summons for an appearance in Court on the municipal charge of obstructing a public passage is required; it clearly is not.  Moreover, the issuance of summons was undisputedly the officers' only act.  Neither of the officers nor their employer had a hand in the improvidently issued attachment or his arrest pursuant to erroneously issued but otherwise lawful process signed by the trial court.  Neither Officer Baehr nor Officer Osborne effected McSmith's arrest pursuant to the aforesaid erroneously issued and later recalled attachment.

## RECOMMENDATIONS

**IT IS RECOMMENDED** that **NOPD Officers Mark Osborne and Eric Baehr's Motion to Dismiss #15** and **Officer Eric Baehr's Motion to Dismiss #39** be GRANTED and that the plaintiff's complaints against the defendant Officer Eric Baehr and against Officer Mark Osborne in the consolidated case be dismissed *with prejudice* pursuant to 28 U.S.C.

---

pp 1-2].

§1915(e)(2)(B).[27]

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Summary Judgment # 49 be DENIED as frivolous.

### OBJECTIONS

The parties are referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court...." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir.1996) ( *en banc* ) (citations omitted).

New Orleans, Louisiana this 15th day of September, 2008.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[27]Plaintiff's claims against Officer Mark Osborne in the lead case were the subject of the plaintiff's Notice of Voluntary Dismissal [Doc. # 23].